IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHASSIDIE A. EICHENAUER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No.  18-391 |
| | ) | |
| NANCY A. BERRYHILL,[1] | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross Motions for Summary Judgment. (ECF Nos. 6 and 8). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 7 and 9).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 6) and granting Defendant's Motion for Summary Judgment. (ECF No. 8).

## I.  BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security denying applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act.   Plaintiff filed her applications alleging she became disabled on December 12, 2013.   (ECF No. 4-5, p. 3, 10).   On June 14, 2017, Administrative Law Judge ("ALJ"), Daniel F. Cusick, issued a decision finding that Plaintiff is not disabled under the Act. (ECF No. 4-2, pp. 16-38).

---

[1]Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

After exhausting all administrative remedies, Plaintiff filed an action in this court seeking review of that decision.   The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 6 and 8).   The issues are now ripe for review.

## II.     LEGAL ANALYSIS

### A.     Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.   *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).   Substantial evidence has been defined as "more than a mere scintilla.   It means such relevant evidence as a reasonable mind might accept as adequate."   *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.   42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).   A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.   *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).   Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.   *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.   42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.** **Weight of Opinion Evidence**

Plaintiff argues that the ALJ's residual functional capacity ("RFC")[2] determination that she can perform light work with certain exceptions is not supported by substantial evidence. (ECF No. 7, pp. 8-11). In support of the same, Plaintiff first argues that the ALJ erred in rejecting the

---

[2] RFC refers to the most a plaintiff can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his/her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Additionally, a person's RFC is an administrative finding reserved for the ALJ, not a medical opinion to be rendered by a doctor. 20 C.F.R. §§404.1527*,* 416.927; 20 C.F.R. §§404.1546(c), 416.946(c). In this case, the ALJ found Plaintiff has the RFC to perform light work with physical and mental exceptions. (ECF No. 4-2, p. 21).

opinion of a consultative medical examiner, Dr. Rabinovich.   (ECF No. 7, pp. 8-9).   The amount

of weight accorded to medical opinions is well-established. Generally, the ALJ will give more

weight to the opinion of a source who has examined the claimant than to a non-examining source.

20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a

treating physician, "since these sources are likely to be the medical professionals most able to

provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a

unique perspective to the medical evidence that cannot be obtained from the objective medical

findings alone or from reports of individual examinations, such as consultative examinations or

brief hospitalizations." *Id.* §416.927(c)(2).   The opinion of a treating physician need not be viewed

uncritically, however.   Rather, only where an ALJ finds that "a treating source's opinion on the

issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically

acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other

substantial evidence [of] record," must he give that opinion controlling weight. *Id.*   "[T]he more

consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give

to that opinion." *Id.* § 416.927(c)(4).

   If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity

of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory

diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he

must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the

record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §416.927(c)(4).

   In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has

explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating
> physicians' reports great weight, especially 'when their opinions reflect expert
> judgment based on continuing observation of the patient's condition over a
> prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000)

(*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

Plaintiff asserts that, "as an examining physician, Dr. Rabinovich's findings are entitled to more weight than that of a doctor who only examined her for a back problem (Dr. Spiro), and a podiatrist (Dr. Perschke) that only treated her briefly prior to surgery and development of complex regional pain syndrome." (ECF No. 7, p. 11). As set forth above, an ALJ is not required to accept a doctor's opinion, treating or otherwise, uncritically. Rather, the ALJ must weigh it in relation to all of the evidence of the record. In this case, that is exactly what the ALJ did. (ECF No. 4-2, pp. 21-37). In so doing, the ALJ sufficiently set forth valid and acceptable reasons for weighing all of the opinion evidence. *Id.; see,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). Thus, I find no error in this regard.

Plaintiff next argues that the ALJ improperly considered her activities of daily living when weighing the opinion of Dr. Rabinovich. (ECF No. 7, pp. 9-10). To that end, Plaintiff suggests that her activities of daily living do not equate to working on a sustained basis or that she can perform light work. *Id.* After a review of the record, I find the ALJ did not equate Plaintiff's activities of daily living to Plaintiff's ability to perform light work. (ECF No. 4-2, pp. 21-37). Specifically, he found that her independent in-home maintenance "suggests that restrictions from all postural maneuvers…are not well supported." (ECF No. 4-2, p. 35). Consistency with other

evidence is a valid reason for discounting opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). Contrary to Plaintiff's insinuation otherwise, an ALJ is required to consider, *inter alia,* a plaintiff's activities of daily living. *See,* Social Security Ruling 96-7p and 20 C.F.R. §§404.1529, 416.929. The ALJ will look at inconsistencies between the claimant's statements and the evidence presented in making his/her RFC determination. *Id.* After a review of the record, I find that the ALJ properly evaluated the opinion evidence in relation to all of the other evidence (including, *inter alia*, activities of daily living) to determine her RFC of light work with exceptions. Therefore, I find no error in this regard.

Plaintiff also argues the ALJ's finding that her RFC "was consistent with those of Dr. Perschke and Dr. Spiro was not supported by substantial evidence." (ECF No. 7, pp. 10-11). While Plaintiff acknowledges that Dr. Perschke completed a return to light duty work in May of 2014, she implies that the ALJ should not have considered it because Dr. Perschke does not define light duty. *Id.* I disagree with this implication. The ALJ does not suggest that light duty in Dr. Perschke's note is defined as light work is defined in 20 C.F.R. 404.1567(b) and 416.967(b). Rather, the ALJ merely recited the existence of the same in summarizing Dr. Perschke's medical records. There is nothing improper in this regard. [3] Thus, I find no merit to this suggestion.

Plaintiff further suggests that Dr. Perschke's opinion should not carry any weight because she saw him prior to her foot surgery. I disagree. Simply because a medical opinion is written prior to additional medical evidence does not mean the evidence should not be considered or given any weight. It is for the ALJ to discuss and weigh accordingly with all other evidence of record. Thus, I find no merit to this suggestion either.

C.    **Pain Assessment**

---

[3] With regard to Dr. Spiro, Plaintiff does not assert a specific error. (ECF No. 7, p. 11). Plaintiff merely states that she saw him in connection with her low back injury and, therefore, his opinions do not relate to her tibia/ankle fracture. *Id.*

Plaintiff next submits that the ALJ "erred in his consideration of the credibility of Claimant's complaints of pain when he did not properly apply Social Security Ruling 16-3." (ECF No. 7, pp. 11-13). In considering the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ will examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record. SSR 16-3p. Additionally, the ALJ will also consider daily activities; the location, duration, frequency, and intensity of pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§404.1529(c), 416.929(c). The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), cert. denied, 420 U.S. 931 (1975).

After a review of the record in this case, I find the ALJ applied the above standard. (ECF No. 4-2, pp. 16-38). The ALJ considered Plaintiff's allegations in connection with all of the other evidence of record. *Id.* For example, the ALJ considered, *inter alia*, the types and frequency of treatment sought by Plaintiff, her follow up treatment measures, the medical records, her activities of daily living and the measures used to relieve Plaintiff's pain. *Id.* I find nothing improper in the ALJ's assessment of Plaintiff's allegation and that this finding is supported by substantial

evidence. Consequently, I find no merit to this assertion.

**D.**      <u>**Mental RFC**</u>

Plaintiff's final argument is that the ALJ's mental RFC determination is not supported by

substantial evidence. (ECF No. 7, pp. 13-14). To that end, Plaintiff submits that she provided

"mental health records that indicated that her condition was more severe." *Id.* at 13. To be

clear, the standard is not whether there is evidence to establish Plaintiff's position. *Allen v.*

*Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or
> whether there is evidence that is inconsistent with the ALJ's finding…. Substantial
> evidence could support both Plaintiff's claims and the ALJ's findings because
> substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S.*
> *Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing*
> *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence
> supports the ALJ's finding, it does not matter if substantial evidence also supports
> Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the

question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,*

881 F.2d 37, 39 (3d Cir. 1989). Therefore, Plaintiff's argument in this regard is misplaced.

Plaintiff also submits that the ALJ should have scheduled a new consultation examination.

(ECF No. 7, p. 13). The decision to order a consultative examination is within the sound

discretion of the ALJ. *Thompson v. Halter,* 45 Fed.Appx. 146, 149 (3d Cir. 2002); 20 C.F.R. §§

404.1517, 416.917. An "ALJ's duty to develop the record does not require a consultative

examination unless the claimant establishes that such an examination is necessary to enable the

ALJ to make the disability decision." *Id.* Other circumstances necessitating a consultative

examination include situations where a claimant's medical records do not contain needed

additional evidence, or when the ALJ needs to resolve a conflict, inconsistency or ambiguity in

the record. *See,* 20 C.F.R. §§404.1519a, 416.919a.

Based on the existing medical records in this case, I find the ALJ was not required to order a consultative examination. I find the record was sufficient such that the ALJ could make a proper determination. Additionally, I note that there was an opinion of a state agency psychiatrist, Dr. Dawn Long. (ECF No. 4-3, pp. 2-27). Based on the above, I find that ALJ was able to make a proper disability determination and was not required to obtain a consultative psychological examination. Thus, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHASSIDIE A. EICHENAUER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No. 18-391 |
| | ) | |
| NANCY A. BERRYHILL,[4] | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 6th day of March, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 6) is denied and Defendant's Motion for Summary Judgment (ECF No. 8) is granted.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[4]Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.